In re Interest of Jeffrey R., a child under 18 years of age.
State of Nebraska, appellee, v. Dave R. and Christine R.,
appellees, and Nebraska Department of Social Services,
appellant.

557 N.W.2d 220

Filed December 6, 1996.    No. S-95-1258.

Don Stenberg, Attorney General, Royce N. Harper, and Beth Tallon, Special Assistant Attorney General, for appellant.

D. Matthew Dreesen, Deputy York County Attorney, for appellee State.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

GERRARD, J.

The county court for York County, sitting as a juvenile court, adjudicated Jeffrey R. to be a minor falling within the provisions of Neb. Rev. Stat. § 43-247(3)(b) (Reissue 1993) and placed him in the custody of the Nebraska Department of Social Services for an out-of-home placement pending disposition. The department appealed the juvenile court's order to the Nebraska Court of Appeals, asserting that reasonable efforts were not made to maintain Jeffrey in the home prior to ordering his placement out of the home pending a dispositional hearing. The Court of Appeals dismissed the appeal for lack of jurisdiction because the department did not seek review of the case by a juvenile review panel within 10 days as required by Neb. Rev. Stat. §§ 43-287.01 through 43-287.06 (Reissue 1993 & Cum. Supp. 1994). The department successfully petitioned this court for further review. We determine that jurisdiction was proper and, further, conclude that the juvenile court did not err in ordering that the juvenile be placed in the custody of the department for foster care placement pending disposition.

## FACTUAL BACKGROUND

On October 9, 1995, Jeffrey R. was detained by the York Police Department following an altercation with his parents, Dave R. and Christine R., at the family home. At a detention hearing on October 11, the juvenile court appointed the public defender to represent Jeffrey and set the next hearing date for October 18. Pending the next hearing, the court placed Jeffrey in the custody of his parents, with restrictions on his behavior and orders to follow reasonable rules set by his parents.

At the hearing on October 18, 1995, Jeffrey admitted the allegation that "he, by reason of being wayward or habitually dis-

obedient is uncontrolled by his parent, guardian, or custodian." Accordingly, he was adjudicated as a minor falling within the provisions of § 43-247(3)(b). A dispositional hearing was set for December 7.

The juvenile court then addressed the placement of Jeffrey pending the December 7 hearing. Jeffrey, his mother, and his father each testified that Jeffrey had been unable to abide by the household rules during the preceding week. Further, all three testified that they would prefer that Jeffrey be placed outside the family home.

The juvenile court found that reasonable efforts had been made to keep Jeffrey at home with his parents and that these efforts had failed. Accordingly, the court ordered that Jeffrey be placed in the custody of the department for foster care placement and ordered the department to conduct a home study and to prepare a case plan prior to the dispositional hearing on December 7.

The department filed a notice of appeal to the Court of Appeals on November 17, 1995. The York County Attorney and Jeffrey's guardian ad litem filed motions to dismiss the appeal based on the fact that the department had not sought a review of the juvenile court's order by a juvenile review panel within 10 days, as required by §§ 43-287.01 through 43-287.06. The Court of Appeals sustained these motions and dismissed the appeal. This petition for further review followed.

## ASSIGNMENTS OF ERROR

The department assigns that the Court of Appeals erred in dismissing the appeal for lack of jurisdiction based on §§ 43-287.01 through 43-287.06. Further, the department asserts that the juvenile court erred in finding that reasonable efforts had been made to keep Jeffrey in the home prior to ordering an out-of-home placement.

## ANALYSIS

### JURISDICTION

York County contends that the department's appeal to the Court of Appeals was not proper because §§ 43-287.01 through

43-287.06 require review by a juvenile review panel within 10 days of the disposition.

When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decisions made by the lower courts. *City of Lincoln v. Twin Platte NRD*, 250 Neb. 452, 551 N.W.2d 6 (1996); *In re Interest of Noelle F. & Sarah F.*, 249 Neb. 628, 544 N.W.2d 509 (1996). In addition, statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996); *In re Interest of Aaron K.*, 250 Neb. 489, 550 N.W.2d 13 (1996).

Section 43-287.03 provides for the review of contested dispositional plans by a juvenile review panel as follows:

> A juvenile review panel shall review a disposition of a court when the court makes an order directing the implementation of a plan different from the plan prepared by the Department of Social Services concerning the care, placement, or services to be provided to the juvenile and the department or any other party believes that the court's order is not in the best interests of the juvenile.

Moreover, § 43-287.04 provides in part the procedural requirements for obtaining the review of the juvenile review panel: "If the Department of Social Services or any other party desires to have a disposition described in section 43-287.03 reviewed, the department or other party shall have ten days after disposition by the court to file a request for review by a juvenile review panel."

We have held that §§ 43-287.01 through 43-287.06 provide the sole method of reviewing juvenile court dispositional orders falling within the ambit of the expedited appeal process therein specified. *In re Interest of Alex T. et al.*, 248 Neb. 899, 540 N.W.2d 310 (1995); *In re Interest of M.J.B.*, 242 Neb. 671, 496 N.W.2d 495 (1993). Thus, the issue to be decided is whether an appeal must be taken to a juvenile review panel in cases in which the department has not yet presented a dispositional plan to the court.

In construing these statutes, we are bound by the rule that in discerning the meaning of a statute, we must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense, it being our duty to discover, if possible, the Legislature's intent from the language of the statute itself. *Buffalo County v. Kizzier*, 250 Neb. 180, 548 N.W.2d 757 (1996); *In re Interest of M.J.B., supra.* In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning; when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *Seevers v. Potter*, 248 Neb. 621, 537 N.W.2d 505 (1995); *In re Interest of M.J.B., supra.*

Based on the provisions of § 43-287.03, we have held that a two-part, conjunctive test must be applied to determine whether an expedited review is required. First, the order must implement a different plan than that proposed by the department. Second, there must exist a belief in the department that the court-ordered plan is not in the best interests of the juvenile. See *In re Interest of M.J.B., supra.* In the instant case, the juvenile court had simply placed Jeffrey in the custody of the department for foster care placement pending a dispositional hearing and ordered the department to prepare a case plan prior to the dispositional hearing. We obviously conclude that because the department had not yet presented a plan to the juvenile court, the juvenile court's order could not have implemented a different plan. Thus, the first prong of the test is not met. Consequently, we conclude that the provisions for expedited review by a juvenile review panel were not triggered, and the Court of Appeals had jurisdiction to determine the appeal.

## PLACEMENT PENDING DISPOSITION

The only matter left for determination is the placement of Jeffrey prior to the time of the dispositional hearing. The department asserts that the juvenile court erroneously found that reasonable efforts had been made to keep Jeffrey in the home prior to ordering an out-of-home placement.

Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the trial court's findings; however, where the evidence is in conflict, the appellate court will consider and may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another. *In re Interest of Jorius G. & Cheralee G.*, 249 Neb. 892, 546 N.W.2d 796 (1996); *In re Interest of Todd T.*, 249 Neb. 738, 545 N.W.2d 711 (1996).

Jeffrey was properly adjudicated under § 43-247(3)(b). The evidence revealed that Jeffrey, his mother, and his father all testified that Jeffrey had been unable to abide by the family rules between the October 11, 1995, detention hearing and the October 18 adjudication hearing. Further, all three individuals testified that Jeffrey was not likely to abide by the household rules, that he was disruptive to the entire family, and that an out-of-home placement was in his best interests pending disposition.

In the absence of evidence to the contrary, we conclude that reasonable efforts were made to keep the juvenile in his home prior to ordering an out-of-home placement and that the juvenile court did not err in ordering that the juvenile be placed in the custody of the department for temporary foster care placement pending disposition.

## CONCLUSION

Because we conclude that the juvenile court did not err in ordering that the juvenile be placed in the custody of the department for temporary foster care placement pending disposition, we reverse the decision of and remand this matter to the Court of Appeals, with directions to remand the cause to the juvenile court for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.