STEPHEN VAN ACKEREN, APPELLANT, V.
NEBRASKA BOARD OF PAROLE ET AL., APPELLEES.
558 N.W.2d 48

Filed January 10, 1997.   No. S-96-162.

478

Gerald L. Friedrichsen, of Fitzgerald, Schorr, Barmettler & Brennan, P.C., for appellant.

Don Stenberg, Attorney General, and Alfonza Whitaker for appellee.

CAPORALE, FAHRNBRUCH, WRIGHT, CONNOLLY, and GERRARD, JJ., and CASSEL, D.J.

GERRARD, J.

This case presents the question of whether an offender whose parole has been denied is entitled to an annual public parole hearing under Neb. Rev. Stat. § 83-1,111(4) (Reissue 1994). Because we conclude that annual public hearings must be afforded only to those offenders whose cases have been *deferred for later reconsideration* and not to those offenders for whom parole has been *denied*, we affirm the judgment of the district court.

## I. FACTUAL BACKGROUND

Stephen Van Ackeren was sentenced to the custody of the Nebraska Department of Correctional Services on December 20, 1988. Even though the record reveals that Van Ackeren had been convicted sometime in 1988 of burglary, possession of a weapon by a convicted felon, and use of a firearm in the commission of a felony, the record does not indicate the lengths or

terms of Van Ackeren's sentences or his parole eligibility date. Nevertheless, we are able to glean from the record that following a number of board reviews between June 1991 and July 1994, Van Ackeren was granted a public parole hearing on June 21, 1995.

By a letter dated June 22, 1995, the Nebraska Board of Parole notified Van Ackeren that it denied his parole due to public opposition and the fact that it would depreciate from the seriousness of the crime. Van Ackeren requested a rehearing from the board, contending in part that the board's decision to set a parole review rather than a parole hearing was contrary to § 83-1,111(4). The board met on July 20 to consider Van Ackeren's request for rehearing. By a letter dated July 21, 1995, the board informed Van Ackeren that "it was the determination of the Board to affirm our decision that your parole be *denied* and your case be reviewed again in June, 1996." (Emphasis supplied.)

Van Ackeren filed a petition in error in the district court, alleging that the board had violated § 83-1,111(4) by setting his case for board review rather than for a public hearing and alleging that his constitutional right to due process of law had been violated because the board's decision resulted in his removal from community custody and return to the Omaha Correctional Center. Following a hearing apparently based upon Van Ackeren's motion for summary judgment (even though no such motion appears in the record), the district court found that Van Ackeren was not entitled to the relief he requested and dismissed his petition.

Van Ackeren timely appealed to the Nebraska Court of Appeals. Pursuant to our power to regulate the docket of the Court of Appeals, we removed this case to our docket.

## II. SCOPE OF REVIEW

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *In re Interest of Jeffrey R., ante* p. 250, 557 N.W.2d 220 (1996).

## III. ASSIGNMENTS OF ERROR

Van Ackeren asserts that the district court erred in (1) construing § 83-1,111(4) to allow the Board of Parole to set his case for a board review rather than a public hearing and (2) dismissing his petition when (a) the Board of Parole, in response to Van Ackeren's motion for summary judgment, did not file a motion seeking affirmative relief and (b) Van Ackeren's motion for summary judgment did not address the allegations in his petition that the action of the Board of Parole violated his constitutional right to due process.

## IV. ANALYSIS

### 1. CLAIM OF RIGHT TO ANNUAL HEARING

Section 83-1,111 states, in pertinent part:

(1) Every committed offender shall be interviewed and have his or her record reviewed by two or more members of the Board of Parole or a person designated by the board within sixty days before the expiration of his or her minimum term less any reductions. If, in the opinion of the reviewers, the review indicates the offender is reasonably likely to be granted parole, the Board of Parole shall schedule a public hearing before a majority of its members. . . .

(2) The board shall render its decision regarding the committed offender's release on parole within a reasonable time after the hearing or review. . . . If the board shall *deny parole*, written notification listing the reasons for such denial and the recommendations for correcting deficiencies which cause the denial shall be given to the committed offender within thirty days following the hearing.

. . . .

(4) If the board *defers the case for later reconsideration*, the committed offender shall be afforded a parole hearing at least once a year until a release date is fixed. The board may order a reconsideration or a rehearing of the case at any time.

(Emphasis supplied.) It is the annual public parole hearing set forth in § 83-1,111(4) to which Van Ackeren claims he is entitled.

It is clear that following a parole hearing, the board has three options. The board may (1) deny parole, (2) defer reconsideration of the case to a later date, or (3) grant parole. See § 83-1,111; Rules and Regulations of the Nebraska Parole Board, title 270, ch. 4, § 011 (1989). If parole is denied, "written notification listing the reasons for such denial and the recommendations for correcting deficiencies which cause the denial shall be given to the committed offender within thirty days following the hearing." § 83-1,111(2). Conversely, if the case is deferred for later reconsideration, the offender is entitled to an annual parole hearing under § 83-1,111(4).

Pursuant to Nebraska statutes, the granting of parole to an inmate is a discretionary act of the board based upon a predictive judgment of what is best for the inmate and the community. The statutes provide a framework to guide the board in its decisions. Under the present statutory scheme quoted above, unless it is determined during a review that an inmate is a likely candidate for parole, a parole hearing is not scheduled. § 83-1,111(1). To do otherwise would waste valuable resources and create unrealistic expectations for inmates. If, after review, it is determined that an inmate is not yet a good risk for parole, he or she is provided with reasons for the decision and another review is scheduled. § 83-1,111(2). See, also, *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).

In the instant case, the board's letter of June 22, 1995, clearly set forth that "it was the decision to *deny* your parole due to opposition and . . . the seriousness of the crime." (Emphasis supplied.) However, when advising Van Ackeren of the future board review in the same letter, the board stated: "Your case has been deferred to a June, 1996 Board Review . . . ."

Van Ackeren contends that in the context of Nebraska's parole statutes, the terms "deny" and "defer" are synonymous. Van Ackeren claims that when the board chooses not to grant parole, it is necessarily deferring the offender's release. In support of this contention, Van Ackeren asserts that the statute governing the criteria for determining whether to grant or deny parole does not contain the word "deny"; it uses the word "defer." That statute, Neb. Rev. Stat. § 83-1,114(1) (Reissue

1994), provides that "[w]henever the Board of Parole considers the release of a committed offender who is eligible for release on parole, it shall order his release unless it is of the opinion that *his release* should be *deferred*" because of certain statutory criteria, e.g., release would depreciate seriousness of crime or release would have adverse effect on institutional discipline, et cetera. (Emphasis supplied.)

However, in construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996). In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning; when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged in to ascertain their meaning. *Seevers v. Potter*, 248 Neb. 621, 537 N.W.2d 505 (1995).

With that in mind, we note that the verb "defer" is used in a completely different context in § 83-1,114 than in § 83-1,111(4). In § 83-1,114, the verb "defer" is used in conjunction with the subject offender's "release" in a section that describes the conditions under which it is appropriate for the board to deny parole and, necessarily, defer an offender's release. Conversely, in § 83-1,111(4), the verb "defer" is used in the context of when an offender's case may be called up for reconsideration.

In its plain and ordinary meaning, the verb "defer" means to "delay" or "postpone." Webster's Third New International Dictionary, Unabridged 591 (1993). The verb "deny" means to "turn down" or "give a negative answer to." *Id.* at 603. When the board "defers the case for later reconsideration," it delays making a determination regarding parole pending further consideration, and the board may order such reconsideration at any time. However, under such circumstances, § 83-1,111(4) affords an offender a public parole hearing at least once a year until a release date is fixed. A case is deferred for later reconsideration when an offender is a likely candidate for parole within a reasonable period of time.

We conclude that the phrases "deny parole" and "defers the case for later reconsideration" are not used synonymously in the parole statutes. Thus, an offender is not entitled to an annual public parole hearing under the plain language of § 83-1,111(4) after parole has been denied. The plain language of the board's June 22 and July 21, 1995, letters clearly supports the district court's conclusion that the board *denied* parole to Van Ackeren.

Accordingly, we determine that Van Ackeren is not entitled to an annual public parole hearing as a result of the board's denial of parole. However, our inquiry does not end here.

### 2. Claim Regarding Due Process Violation

Van Ackeren next claims that the district court erred in dismissing his petition because Van Ackeren's motion for summary judgment did not address the due process allegations contained in his petition.

We note from the outset that Van Ackeren's motion for summary judgment is not contained in the record. The transcript in the instant case consists of Van Ackeren's petition in error, the Board of Parole's answer, and a "journal entry" entered by the district court. The "journal entry" in the record is, in actuality, a notation on the district court docket sheet which does not contain the judge's signature and reads, in total, as follows:

> Briefs submitted by the parties and reviewed by the court. The court finds that Plaintiff is entitled to annual parole hearings only "if the board defers the case for later consideration." R.R.S. 83-1,111(4) 1994.

> In the case at bar the board denied parole and therefore plaintiff is not entitled to the relief requested and his petition is dismissed.

(Emphasis in original.) The notation in the docket sheet does not reveal that the order was entered as a result of Van Ackeren's motion for summary judgment, nor does the order reveal upon what basis Van Ackeren sought summary judgment. The only place in the record that provides a hint of the nature of the proceedings is at line 8 of the 44-line bill of exceptions, where Van Ackeren's counsel offers an exhibit "on behalf of [Van Ackeren's] motion for summary judgment."

We have held on numerous occasions that it is incumbent upon the party appealing to present a record which supports the errors assigned, and absent such a record, the decision of the lower court is generally affirmed. *Shuck v. Jacob*, 250 Neb. 126, 548 N.W.2d 332 (1996); *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995). See *Terry v. Duff*, 246 Neb. 11, 516 N.W.2d 591 (1994). Meaningful appellate review requires a record that elucidates the factors contributing to the lower court judge's decision. *Spittler v. Nicola*, 239 Neb. 972, 479 N.W.2d 803 (1992).

We cannot determine, after reviewing this record, whether (1) Van Ackeren's motion for summary judgment addressed the violation of due process allegations or (2) the district court considered such allegations at the time it dismissed Van Ackeren's petition. There is certainly no evidence in the record that establishes a violation of Van Ackeren's right to procedural due process, and, in any event, this court will not speculate upon the basis on which Van Ackeren sought summary judgment.

We conclude that this assignment of error is without merit.

### 3. CLAIM OF ERRONEOUS DISMISSAL

Van Ackeren finally claims that the district court erred when it dismissed his petition after the summary judgment hearing even though the Board of Parole had not filed a cross-motion seeking affirmative relief. We first note that Van Ackeren's brief does not contain any legal or factual discussion regarding this claimed error. Errors assigned but not argued will not be addressed. *McWhirt v. Heavey*, 250 Neb. 536, 550 N.W.2d 327 (1996); *Goolsby v. Anderson*, 250 Neb. 306, 549 N.W.2d 153 (1996); *Jirkovsky v. Jirkovsky*, 247 Neb. 141, 525 N.W.2d 615 (1995). In light of this long-recognized rule and the fact that meaningful appellate review is impossible based on the sparse record before us, we do not consider Van Ackeren's last assignment of error.

### V. CONCLUSION

Based on the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.

WHITE, C.J., not participating.