IN RE ESTATE OF G. ROBERT MUCHEMORE, DECEASED.
COUNTY OF DOUGLAS, NEBRASKA, A POLITICAL SUBDIVISION,
APPELLANT, V. AGNES B. MUCHEMORE, PERSONAL
REPRESENTATIVE OF THE ESTATE OF G. ROBERT MUCHEMORE,
DECEASED, APPELLEE.
560 N.W.2d 477

Filed March 21, 1997.    No. S-95-610.

James S. Jansen, Douglas County Attorney, Renne Edmunds, and Jeanne A. Burke for appellant.

David L. Hefflinger and J. Terry Macnamara, of McGrath, North, Mullin & Kratz, P.C., for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and SPRAGUE, D.J.

GERRARD, J.

The decedent, G. Robert Muchemore, died testate in 1992 leaving a will and a revocable trust agreement. The trust agreement, as amended, created a pecuniary credit shelter trust and a marital deduction trust. The county court entered an order declaring that the property passing to the decedent's surviving spouse, Agnes B. Muchemore, the appellee, pursuant to the will and the trust agreement was not subject to Nebraska inheritance tax. The district court affirmed the order of the county court. Douglas County appealed the judgment of the district court to the Nebraska Court of Appeals. Pursuant to our authority to regulate the caseloads of the Court of Appeals and this court, we removed the case to our docket. For the following reasons, we affirm.

## FACTUAL BACKGROUND

The decedent died testate on August 4, 1992. The decedent's will devised all personal effects to the appellee and the remainder of his estate to the First National Bank of Omaha as trustee of the G. Robert Muchemore revocable trust. This revocable trust was created pursuant to a February 12, 1980, revocable trust agreement, as amended on July 23, 1982. Article VII, sections B and C, of the revocable trust agreement, as amended, created both a "Pecuniary Credit Shelter Trust" and a "Marital Deduction Trust." The appellee is the decedent's surviving spouse and the personal representative of his estate.

The parties stipulated that under the will and amended trust agreement, the credit shelter trust received $600,000 of the decedent's estate, the total federal estate tax credit available, and the marital deduction trust received the balance of the decedent's estate. Following the decedent's death, the marital deduction trust contained property with a value of approximately $2,165,221. The parties stipulated, further, that the trust agreement provides that the trustee shall pay the income from the marital deduction trust to the appellee and may also pay to her the principal as the trustee deems necessary and in her best interests.

Article VII, section C, subsections 2 and 3, of the trust agreement provides as follows:

2. On the death of the [appellee], the Trustee shall pay the then remaining principal and the income . . . to, or hold the same for the benefit of, such person or persons or the estate of the [appellee] . . . as the [appellee] shall appoint by a Will, executed after the [decedent's] death, referring specifically to the power given to the [appellee].

3. On the death of the [appellee], if, or to the extent that, the [appellee] doesnot [sic] exercise her power to appoint by Will, the Trustee shall dispose of the then remaining principal and income . . . according to the terms and conditions, and as a part of the CREDIT SHELTER TRUST set forth in B of this ARTICLE.

Thus, under the terms of the trust, the appellee has the power to appoint by will the property remaining in the marital deduction trust at the time of her death, but if she does not exercise this power, the property will be placed in the credit shelter trust and distributed according to its terms. Under section B of article VII, if the appellee has not exercised the power of appointment at the time of her death, the credit shelter trust is to be paid in equal proportions to the decedent's nephew and nieces.

The appellee filed a petition for the determination of inheritance tax in the county court. The appellee contended that Neb. Rev. Stat. § 77-2008.03 (Reissue 1996) requires that the assets in the marital deduction trust that are subject to the power of appointment in the appellee be deemed transferred to the appellee as of the time of the decedent's death and are, accordingly, not subject to inheritance taxation. The parties stipulated that the inheritance tax worksheet executed by the appellee correctly shows the inheritance taxes due under this interpretation of the law as $10,137. However, Douglas County asserted that the trust provisions transfer a life estate to the appellee with a contingent remainder subject to defeasance in the beneficiaries of the credit shelter trust. Thus, Douglas County contended that the appellee is entitled to only a marital deduction for her life estate interest and that inheritance tax is due on the remainder interest.

The county court found that all property contained in the marital deduction trust passed to the appellee and was not subject to inheritance tax, thus determining that $10,137 was the

full amount of inheritance tax due from the estate of the decedent. The district court affirmed the county court's order, and Douglas County's appeal followed.

## SCOPE OF REVIEW

On appeal of an inheritance tax determination, an appellate court reviews the case for error appearing on the record. *In re Estate of Ackerman*, 250 Neb. 665, 550 N.W.2d 678 (1996).

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Van Ackeren v. Nebraska Bd. of Parole*, 251 Neb. 477, 558 N.W.2d 48 (1997); *Snipes v. Sperry Vickers*, 251 Neb. 415, 557 N.W.2d 662 (1997).

## ASSIGNMENTS OF ERROR

Douglas County asserts that the district court erred in (1) finding that none of the property contained in the marital deduction trust is subject to Nebraska inheritance tax and (2) failing to correctly apply Neb. Rev. Stat. § 77-2008.01 (Reissue 1996), which requires the county attorney to calculate inheritance tax as if the contingencies or conditions were to occur in a manner that would produce the highest amount of tax.

## ANALYSIS

The decedent had obviously planned his estate to minimize federal estate and state inheritance taxation. The decedent's assets were divided in two portions through a trust agreement with First National Bank of Omaha. The first portion (a pecuniary credit shelter trust) received the $600,000 amount which was exempt from federal estate taxation by virtue of the federal unified credit. See 26 U.S.C. § 2010 (1994). The balance passed to a marital deduction trust in order to qualify for the federal unlimited marital deduction. See 26 U.S.C. § 2056 (1994). Such planning, when done correctly, results in the elimination of federal estate taxation on the first spouse's death and, presumably, the elimination of Nebraska inheritance taxation with respect to the marital trust deduction on the first death.

In the instant case, the marital deduction trust required that all income be paid annually to the appellee and required the cor-

porate trustee to pay to the appellee such amounts of principal as were necessary and in the best interests of the appellee. The marital deduction trust also provided a testamentary power of appointment to the appellee, at issue in this case, as follows:

> On the death of the [appellee], the Trustee shall pay the then remaining principal . . . to . . . such person or persons or the estate of the [appellee], in such amounts and proportions . . . as the [appellee] shall appoint by a Will . . . .
>
> . . . On the death of the [appellee], if, or to the extent that, the [appellee] doesnot [sic] exercise her power to appoint by Will, the Trustee shall dispose of the then remaining principal . . . according to the terms and conditions . . . of the CREDIT SHELTER TRUST . . . .

Douglas County contends that these provisions in the marital deduction trust devised only a life interest to the appellee, with the power to dispose of by will the residual property at death or to allow the residual property to descend to the decedent's nephew and nieces. Thus, the remainder interest of the beneficiaries of the credit shelter trust would be subject to inheritance tax under § 77-2008.01. Conversely, the appellee asserts that the marital deduction trust provided a general testamentary power of appointment resulting in a transfer of the property and the marital deduction trust to the appellee pursuant to § 77-2008.03. Therefore, the appellee contends that the property is not subject to inheritance tax.

Section 77-2008.01 provides, in pertinent part, as follows:

> When property is devised, bequeathed, or otherwise transferred or limited in trust or otherwise in such a manner as to be subject to the tax prescribed in sections 77-2001 to 77-2008, and the rights, interests, or estates of the transferees, legatees, devisees, or beneficiaries are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended, or abridged, an inheritance tax shall be imposed upon such transfer at the highest rate which, on the happening of any of the contingencies or conditions, would be possible . . . .

Douglas County argues that the property at issue must be taxed at the highest rate possible given the contingencies. Douglas County contends that the highest taxed contingency

would occur if the appellee failed to exercise her power of appointment and the property passed to the beneficiaries of the credit shelter trust. Thus, Douglas County argues that this remainder interest ought to be subject to inheritance taxation. In such a case, the tax would be charged against the trust corpus, and if a refund becomes necessary at the time of the appellee's death, it would be paid back into the trust corpus. See Neb. Rev. Stat. § 77-2008.02 (Reissue 1996).

The appellee relies instead on § 77-2008.03, which provides, in pertinent part, as follows:

> Whenever any person . . . shall be given a power of appointment [over property subject to these sections], such power of appointment shall be deemed a transfer of the interest in the property which is subject to such power from the donor to the donee of such power at the date of the donor's death; *Provided*, if at the date of the donor's death, the power of appointment is limited, in whole or in part, to be exercised in favor of one or more specific beneficiaries or classes of beneficiaries, then, to the extent it is so limited, such power of appointment shall not be deemed a transfer from the donor to the donee of the power, but shall be deemed a transfer of the interest in the property which is subject to the power from the donor of the power to the specific beneficiary or class of beneficiaries, as of the date of the donor's death.

The appellee contends that because the trust instrument created a general testamentary power of appointment in the appellee that was not limited in favor of any specific beneficiaries, the application of this section results in a transfer of interest in the property to the appellee.

This case requires us to decide whether the power of appointment at issue is a *general* testamentary power of appointment, such that an interest in the property subject to the power passes to the appellee, or whether it is a *special* (or limited) power of appointment, such that an interest in the property is not treated as passing to the appellee, but to the beneficiaries of the credit shelter trust. Neb. Rev. Stat. § 77-2004 (Reissue 1996) provides, in relevant part, that "[i]nterests passing to the surviving spouse by will . . . shall not be subject to [inheritance] tax." Thus, if all

property contained in the marital deduction trust is treated as passing to the appellee, then no inheritance tax is currently due on the transfer. However, if the property subject to the power of appointment is not treated as passing to the appellee, inheritance tax would now be due on the remainder interest of the nephew and nieces. See Neb. Rev. Stat. § 77-2005 (Reissue 1996).

Douglas County claims that the power of appointment devised to the appellee in the instant case is not the general power of appointment that is contemplated by § 77-2008.03, because the power of appointment is a testamentary power only and may not be exercised inter vivos. However, Douglas County's argument fails to recognize the fundamental distinction between general powers of appointment and special (or limited) powers of appointment. The basic distinction between powers of these two types consists in the difference in the extent of dispositive power over the appointive property. See, e.g., *Fiduciary Trust Co. v. First National Bank*, 344 Mass. 1, 181 N.E.2d 6 (1962).

It is well recognized that even though a power of appointment may be exercisable by will only, so that the donee cannot appoint to himself or herself, the power is nonetheless regarded as general if the donee can appoint the property in such a way that it will be distributed as a part of his or her own estate. See, Restatement (Second) of Property: Donative Transfers § 11.4 (1986); Roger A. Cunningham et al., The Law of Property § 3.14 (2d ed. 1993); Lewis M. Simes, The Law of Future Interests § 56 (2d ed. 1966). Where no restriction on the possible appointees is indicated in the instrument creating the power, it is presumed that a general power is intended. Simes, *supra*. On the other hand, a power is special (or limited) when the donee's appointment is *limited* to a group not unreasonably large which does not include himself or herself. Cunningham et al., *supra*; Simes, *supra*.

The donee of a general testamentary power of appointment must be able to appoint the property to anyone, including his or her own estate. See *Fiduciary Trust Co. v. First National Bank, supra*. In the instant case, the appellee was given complete control over the ultimate disposition of the property in the marital

trust. The power of appointment gave the appellee the right to determine the person or persons who would ultimately receive the marital trust property. No other person or entity, including the decedent, his nephew or nieces, or the corporate trustee, could in any way limit the appellee's right to control the ultimate disposition of the trust property. Thus, we conclude that the power of appointment in the marital trust was a *general* testamentary power of appointment because of its virtually unlimited power of disposition.

Section 77-2008.03 clearly provides that property passing to a surviving spouse subject to a *general* power of appointment shall be deemed a transfer from the decedent to the surviving spouse at the date of the decedent's death. In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning; when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged in to ascertain their meaning. *Van Ackeren v. Nebraska Bd. of Parole*, 251 Neb. 477, 558 N.W.2d 48 (1997); *PSB Credit Servs. v. Rich*, 251 Neb. 474, 558 N.W.2d 295 (1997). The language of § 77-2008.03 is plain and unambiguous. In the instant case, the appellee, the decedent's surviving spouse, possessed a general testamentary power of appointment which constituted an interest in property passing from the decedent to the appellee, the surviving spouse. We hold that the district court was correct in affirming the county court's determination that such an interest in property passing to a surviving spouse is exempt from Nebraska inheritance tax.

Our holding does not, as Douglas County asserts, mean that the property in the marital deduction trust may pass to heirs or devisees inheritance-tax-free. If the appellee exercises her power to appoint the property remaining in the marital deduction trust by will, then at the time of her death, such property is subject to inheritance taxation as part of her estate. See, 26 U.S.C. § 2041(a)(2) (1994); Neb. Rev. Stat. § 77-2002 (Reissue 1996). In the event that the appellee fails to exercise the power of appointment prior to her death, the property will pass to the decedent's nephew and nieces pursuant to the terms of the credit shelter trust. In such an event, the trust assets will be subject to Nebraska inheritance tax at that time as a part of the appellee's

estate in accordance with Neb. Rev. Stat. § 77-2001 (Reissue 1996).

## CONCLUSION

For the foregoing reasons, we conclude that the interest in property passing to the appellee, the surviving spouse of the decedent, pursuant to the marital deduction trust is not subject to Nebraska inheritance tax, and, finding no other error on the record, we affirm the judgment of the district court.

AFFIRMED.