REQUESTED BY: John Breslow Nebraska Auditor of Public Accounts
1997 Neb. Laws LB 256 deals with the issuance of undercover license plates for motor vehicles operated by various law enforcement agencies and various other agencies of state and local government. The bill specifies what agencies are authorized to obtain the special license plates from the Department of Motor Vehicles, and the procedures for doing so. You state that you "have been asked to provide fairly basic information to the press on undercover license plates." In that regard, you then provided us with a draft of a document which lists the number of undercover plates issued to various state and local agencies in 1997 and in 1994. You pose two questions to us pertaining to the release of such information regarding undercover plates.
1. Release of Information Regarding Undercover Plates to the Press.
Your first question pertains to the release of information regarding undercover license plates to the press. You ask, "[m]ay we provide information on the number of license plates, such as in our draft, to the press?" In response to that question, we believe that the pertinent portions of LB 256 prohibit the release of such information.
1997 Neb. Laws LB 256, § 1(4) provides, as is relevant:
 The Department of Motor Vehicles shall keep records pertaining to undercover license plates confidential, and such records shall not be subject to public disclosure. Any person who receives information pertaining to undercover license plates in the course of his or her employment and who discloses any such information to any unauthorized individual shall be guilty of a Class III misdemeanor.
(Emphasis added).
In Nebraska, in the absence of anything indicating to the contrary, statutory language should be given its plain and ordinary meaning, and when the words of a statute are plain and unambiguous, no interpretation is necessary to ascertain their meaning. Van Ackeren v. Nebraska State Board of Parole,251 Neb. 477, 558 N.W.2d 48 (1997). It appears to us that the portion of LB 256 emphasized above is plain and unambiguous and needs little interpretation. When read with its ordinary meaning, it prohibits "any person who receives information" regarding undercover license plates "in the course of his or her employment" from disclosing "any such information" to unauthorized persons. That broad language would seem to reach you and your staff, since you receive information regarding undercover plates in the course of your employment performing audits, and "any such information" would seem broad enough to cover even a simple listing of the number of plates issued to state agencies such as that proposed in your draft press document. It is also clear that neither you nor the press have any special exemptions from liability under the express terms of the statute. Consequently, we believe that disclosure of any information pertaining to undercover plates to unauthorized persons including a listing of the number of plates granted to specific state agencies could expose you to prosecution under § 1(4) of LB 256.[1]
We would also note that when the language of a statute is ambiguous and must be construed, recourse may be had to the legislative history of the statute for the purpose of discovering the intent of the Legislature. North Star Lodge No. 227 v. Cityof Lincoln, 212 Neb. 236, 322 N.W.2d 419 (1982). Therefore, we reviewed the legislative history of LB 256 in the event that it might be argued that the statute is ambiguous and requires construction. There is nothing in that legislative history which sheds any light on the scope of the language in § 1(4) set out above, and we are left, again, with the plain language of the statute. For the reasons discussed previously, we believe that language would reach your proposed disclosures to the press.
2. Disclosure of Information Regarding Undercover Plates in Audit Reports.
Your second question involves the disclosure of information regarding undercover plates in the audit reports generated by your office. You ask, "[i]f we were to do an audit on the undercover plates what information, if any, could be disclosed in our report?"
As discussed above, the language of § 1(4) of LB 256, when given its ordinary meaning, is broad in scope and application. "Any person who receives information" regarding undercover license plates "in the course of his or her employment" is prohibited from disclosing "any such information" to unauthorized persons. It seems to us, therefore, that § 1(4) of LB 256 would reach the bulk of an audit report prepared by your office concerning unmarked license plates. As a result, we believe that any "information pertaining to undercover license plates" in your audit report may not be disclosed to unauthorized persons.[2]
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
Don Stenberg
Attorney General
[1] In actuality, we see no harm to law enforcement agencies or law enforcement efforts from a simple disclosure of the number of undercover license plates issued to each governmental agency. We would suggest that the Legislature might wish to consider amending LB 256, § 1(4) so as to allow disclosure of that information to the public.
[2] While information pertaining to undercover license plates cannot be disclosed to "unauthorized" persons, it seems to us that such information could be disclosed to "authorized" persons which, presumably, would include law enforcement agencies. Therefore, if your audit of undercover license plates disclosed an embezzlement of public funds, for example, we believe that you could make information regarding undercover license plates available to law enforcement officials in connection with an investigation of that embezzlement.