In re Estate of Arneda L. Nelson, deceased.
Patricia J. Dickerson and FirsTier Bank, N.A., Lincoln,
Nebraska, Copersonal Representatives of the Estate of
Arneda L. Nelson, deceased, Appellants,
v. County of Adams, Nebraska, Appellee.

571 N.W. 2d 269

Filed December 5, 1997. No. S-96-003.

Michael E. Sullivan, of Helmann, Sullivan & White, P.C., for appellants.

Donna S. Fegler, Adams County Attorney, for appellee.

White, C.J., Caporale, Wright, Gerrard, Stephan, and McCormack, JJ.

McCormack, J.

This is an action for the refund of an overpayment of inheritance tax paid on a power of appointment over property valued at $593,545.07. The county court for Adams County, Nebraska, found that the assets contained in the "part I trust" of Leo E. Nelson's estate should be included as part of the estate of his wife, Arneda L. Nelson. Pursuant to our authority to regulate the dockets of the Nebraska Court of Appeals and this court, we removed the case to our docket on our own motion. We now reverse.

## BACKGROUND

Arneda L. Nelson died on February 8, 1994. Her husband, Leo E. Nelson, died on December 23, 1979. They did not have

any children. The county court took judicial notice of both the husband's and the wife's probate files. Under the terms of the husband's will, his residuary estate was divided into two parts. Part I was a trust funded with a share of his residuary estate which was based on a fraction formula to obtain the maximum marital deduction permitted to his estate by the Internal Revenue Code (part I trust). Part II was a trust consisting of the remaining portion of the residuary estate.

The wife was to be paid all of the income from the part I trust during her lifetime and was given certain rights to receive principal. She was also granted a testamentary power of appointment over the part I trust by the following language:

> My said wife shall alone have power in her Last Will and Testament to appoint the entire trust estate of this trust, free from trust, in favor of her estate, or such person or persons, or institution or institutions as she may in her Last Will and Testament appoint. To the extent that my said wife shall fail to exercise the power of appointment, the property remaining in this trust estate, upon her death, shall be added to and become a part of Part II herein created, and shall be handled, managed, disposed of and distributed as provided therefor in this, my Last Will and Testament. A general residuary clause in the Will of my said wife shall not constitute an appointment or the exercise of such power.

The part I trust was not subject to inheritance tax because it was a trust that had a life share, power to invade, and a right of general power of appointment given to the wife. The wife's will and codicils made no reference to the power of appointment.

Upon the wife's death, inheritance tax was calculated and paid on the testamentary power of appointment, which had a date-of-death value of $593,545.07. This amount was included on the inheritance tax worksheet. The county court then entered an order determining $131,105 was due in inheritance tax from the nephews and nieces of the husband based on their representative interest. After the inheritance tax was paid, it was determined by the appellants, the copersonal representatives of the wife's estate, that the tax should not have been paid on the value of the part I trust. The appellants then filed an application for

refund of inheritance tax in the amount of $53,419 pursuant to Neb. Rev. Stat. § 77-2018 (Reissue 1996).

## ASSIGNMENTS OF ERROR

The appellants assign as error the following: (1) The probate court erred in finding that inheritance tax was properly assessed on the value of property for which the wife held a general power of appointment, and (2) the probate court erred in finding that the wife received a fee interest in the property for which she held a general power of appointment.

## STANDARD OF REVIEW

On appeal of an inheritance tax determination, an appellate court reviews the case for error appearing on the record. *In re Estate of Muchemore*, 252 Neb. 119, 560 N.W.2d 477 (1997); *In re Estate of Ackerman*, 250 Neb. 665, 550 N.W.2d 678 (1996).

## ANALYSIS

### GENERAL OR LIMITED POWER OF APPOINTMENT

The question at issue is whether the part I trust assets valued at the wife's death are includable in her estate and therefore subject to inheritance tax. The county court found that the assets included in the part I trust were to be included in the inheritance tax calculation. We disagree.

Whether inheritance tax is imposed on a power of appointment as an asset of an estate is controlled by Neb. Rev. Stat. §§ 77-2008.03 and 77-2008.04 (Reissue 1996). Section 77-2008.03 provides:

Whenever any person or corporation shall be given a power of appointment over any property by a transfer which is subject to the provisions of sections 77-2001 to 77-2008.02, whether such power is created before or after June 13, 1955, such power of appointment shall be deemed a transfer of the interest in the property which is subject to such power from the donor to the donee of such power at the date of the donor's death; *Provided,* if at the date of the donor's death, the power of appointment is limited, in whole or in part, to be exercised in favor of one or more specific beneficiaries or classes of beneficiaries, then, to the extent it is so limited, such power of appoint-

ment shall not be deemed a transfer from the donor to the donee of the power, but shall be deemed a transfer of the interest in the property which is subject to the power from the donor of the power to the specific beneficiary or class of beneficiaries, as of the date of the donor's death.

Section 77-2008.04 provides: "The exercise or failure to exercise any power of appointment by the donee thereof, shall not be deemed a transfer which is subject to the provisions of sections 77-2001 to 77-2008.02."

The first question to be addressed in this case is whether the wife's power of appointment is general or limited. A general power of appointment means that an interest in the property passes to the donee at the donor's death. A limited power of appointment means that an interest in the property passes not to the donee, but, rather, to a specific class of beneficiaries at the donor's death. This court recently addressed the issue of general versus limited powers of appointment in *In re Estate of Muchemore, supra.* In *In re Estate of Muchemore*, 252 Neb. at 123, 560 N.W.2d at 480, the trust in question stated:

"On the death of the [appellee], the Trustee shall pay the then remaining principal . . . to . . . such person or persons or the estate of the [appellee], in such amounts and proportions . . . as the [appellee] shall appoint by a Will . . . .

". . . On the death of the [appellee], if, or to the extent that, the [appellee] doesnot [sic] exercise her power to appoint by Will, the Trustee shall dispose of the then remaining principal . . . according to the terms and conditions . . . of the CREDIT SHELTER TRUST . . . ."

This court determined from the above language that the appellee received a general power of appointment because the appellee was given a virtually unlimited power of disposition.

Similar to the appellee in *In re Estate of Muchemore*, the wife was also given a virtually unlimited power of disposition. She alone had the power in her last will and testament "to appoint the entire trust estate of this trust, free from trust, in favor of her estate, or such person or persons, or institution or institutions as she may in her Last Will and Testament appoint." The wife was given a general power of appointment because she was able to devise the property to whomever she wished or refrain from

devising to allow a devise in accordance with the husband's will. According to § 77-2008.03, a general power of appointment "shall be deemed a transfer of the interest in the property which is subject to such power from the donor to the donee of such power *at the date of the donor's death* . . . ." (Emphasis supplied.) Therefore, under a general power of appointment, the transfer of the interest in the property to the donee, the wife, occurred at the date of the donor husband's death, making the property subject to inheritance tax at that time. Because the donee was the husband's spouse, however, her interests in the part I trust were exempt from the inheritance tax at the husband's death, pursuant to Nebraska law. See Neb. Rev. Stat. § 77-2004 (Reissue 1996).

### TAXABLE TRANSFER

Having determined that the property was subject to tax at the husband's death, we now look to see whether inheritance tax on the property for which the wife held a general power of appointment was properly assessed at the wife's death. The appellants argue that based on §§ 77-2008.03 and 77-2008.04, a general power of appointment is deemed to have transferred at the date of the donor's, not the donee's, death. The appellants further argue that the wife's exercise or failure to exercise the power of appointment at her death was not a taxable transfer subjecting the part I trust assets to inheritance tax on her estate. We agree.

Section 77-2008.04 specifically states that the exercise or nonexercise of the power of appointment by the donee is not a transfer subject to the taxation provisions of Neb. Rev. Stat. §§ 77-2001 to 77-2008.02 (Reissue 1990). To ascertain the intent of the Legislature, a court may examine the legislative history of the act in question. *Southern Neb. Rural P.P. Dist. v. Nebraska Electric*, 249 Neb. 913, 546 N.W.2d 315 (1996). We therefore look to the Revenue Committee statement on L.B. 276 to clarify the intent of §§ 77-2008.03 and 77-2008.04. This statement provides in part the following explanation:

> Sec. 1. Present law does not distinguish between a "general" and a "limited" power-of-appointment. This clarifies that the donee of a "general" power shall pay the tax; and that the specific beneficiaries under a "limited" power shall pay the tax.

Sec. 2. Present law says that a transfer of interest in the property of the deceased (thru a power-of-appointment) is not taxable unless the power is <u>exercised</u> by the donee. However, the Donee's use or non-use of the power is <u>not</u> the determining factor in whether or not there is a transfer of an interest, and this section so specifies. It is correct always to refer to Sec. 1 to find the recipient of an interest thru a "general" or "limited" power-of-appointment.

Statement of Purpose, L.B. 276, Revenue Committee, 67th Leg. Sess. (May 3, 1955).

During a hearing on L.B. 276, it was stated that

[t]he tax comes into existence when the husband dies, and sometimes the property is taxed in both cases, that is, his and his wife's death. Under L.B. 276 in case of general power of appointment where there is no restriction as to who will get the property the power of appointment will be taxed at his death just as if it were going to the person who has the power to designate that power. . . . *There is no power of taxation at all when the wife in most cases says where the property is to go.*

(Emphasis supplied.) Revenue Committee Hearing, L.B. 276, 67th Leg. Sess. (February 24, 1955).

Based on a reading of this legislative history and the plain language of the statutes themselves, we determine that in the case of a general power of appointment, the Legislature clearly intended interest in the property to transfer from the donor to the donee at the time of the donor's death whether or not the power itself is exercised. In the present case, that transfer would have been from the husband to the wife at the husband's death. It is also clear from the above legislative history, however, that in the special case where the donor and donee are also husband and wife, the Legislature intended such property to transfer without being taxed.

While we may not understand the Legislature's motivation, we are bound to follow its statutory mandate. We therefore determine that the wife's failure to exercise her general power of appointment is not a transfer. Pursuant to § 77-2008.03, the only time this asset could be taxed was at the donor's (husband's), not the donee's (wife's) death. Therefore, this asset cannot be taxed as part of the wife's estate upon her death.

In *In re Estate of Muchemore*, 252 Neb. 119, 560 N.W.2d 477 (1997), however, we stated that our holding did not mean that the property in the marital deduction trust passed to heirs or devisees inheritance-tax-free. We stated therein that in the event that the appellee did not exercise the power of appointment prior to her death, the property would pass to the decedent's nephew and nieces pursuant to the terms of the credit shelter trust, and that in such an event, the trust assets would be subject to Nebraska inheritance tax at that time as part of the appellee's estate. To the extent that this language is in conflict with our decision in the present case, that portion of *In re Estate of Muchemore* is specifically disapproved.

## CONCLUSION

Because the exercise or failure to exercise a power of appointment is not a transfer, we conclude that the county court erred in finding that the assets contained in the part I trust of the husband's estate are included in the wife's estate and subject to the applicable inheritance tax. The decision of the county court is therefore reversed.

REVERSED.

CONNOLLY, J., not participating.

CAPORALE, J., concurring.

While I agree with the judgment of the majority, I write separately to again record my objection to elevating statements made during the course of enacting legislation to the status of meaningful legislative history useful in determining the intent of the entire body of legislators. I will not burden this concurrence with the reasons for the objection, as they are set forth in *Goolsby v. Anderson*, 250 Neb. 306, 549 N.W.2d 153 (1996) (Caporale, J., concurring, joined by Fahrnbruch and Lanphier, JJ.); *Southern Neb. Rural P.P. Dist. v. Nebraska Electric*, 249 Neb. 913, 546 N.W.2d 315 (1996) (Caporale, J., concurring, joined by Lanphier, J.); and *Omaha Pub. Power Dist. v. Nebraska Dept. of Revenue*, 248 Neb. 518, 537 N.W.2d 312 (1995) (Caporale, J., concurring, joined by Fahrnbruch and Lanphier, JJ.).

I do observe, however, that the situation here is even more egregious than past references to such statements, for in this

instance the majority has resorted to relying not on the state-
ment of a member of the Legislature, but on the statement of a
member of a professional association, specifically the Nebraska
State Bar Association. If such is to be the rule, will anyone who
has addressed the Legislature be deemed to have been speaking
for that duly elected body?

In any event, it is this court's duty to discover, if possible, the
Legislature's intent from the language of the statute itself.
*Brown v. Wilson*, 252 Neb. 782, 567 N.W.2d 124 (1997); *In re
Interest of Jeffrey R.*, 251 Neb. 250, 557 N.W.2d 220 (1996). In
this instance, it is not necessary to reiterate what constitutes
proper legislative history when confronted with a statutory
ambiguity. Without recourse to any outside sources, a short and
simple analysis of the words the Legislature used in the statu-
tory scheme it enacted unambiguously demonstrates that there
is no inheritance tax due on the value of the interest which
passed under the terms of the will of the deceased husband, Leo
E. Nelson, to the deceased wife, Arneda L. Nelson, notwith-
standing that she held a general power of appointment over it.

Neb. Rev. Stat. § 77-2008.03 (Reissue 1996) provides that
any power of appointment, be it general or limited, "shall be
deemed a transfer of the interest in the property which is sub-
ject to such power . . . at the date of the donor's death . . . ."
Section 77-2008.03 further makes evident that with general
powers of appointment, the interest transfers to the donee. Neb.
Rev. Stat. § 77-2008.04 (Reissue 1996) supplements those pro-
visions by stipulating that the "exercise or failure to exercise
any power of appointment by the donee thereof, shall not be
deemed a transfer which is subject to" inheritance tax. Thus, as
a general matter, an inheritance tax on property which is subject
to a power of appointment is assessed as of the date of the
donor's death rather than the donee's death. However, Neb. Rev.
Stat. § 77-2004 (Reissue 1996) provides that "[i]nterests pass-
ing to the surviving spouse by will . . . shall not be subject to
tax."

Here, the husband's will created a general power of appoint-
ment. When he died, the transfer of the power of appointment
to the wife constituted a transfer of the interest in the property
to the wife. See § 77-2008.03. As the interest passed to the wife

was through her husband's will, the transfer was not taxable, see § 77-2004, and is unaffected by the wife's failure to exercise her general power of appointment, as such a failure transfers no interest subject to inheritance tax, see § 77-2008.04.

That being so, the majority correctly reversed the judgment of the county court.

WHITE, C.J., joins in this concurrence.

WRIGHT, J., dissenting.

I respectfully dissent from the majority decision, which reverses the judgment of the county court. The issue before us is whether the wife's failure to exercise her general power of appointment as to part I of the trust was a nontaxable transfer at her death and, therefore, not taxable as a part of the wife's estate upon her death. The majority determined that pursuant to Neb. Rev. Stat. § 77-2008.03 (Reissue 1996), the only time this asset could be taxed was at the husband's death. I respectfully disagree.

I agree with the majority's determination that the testamentary power of appointment over part I of the trust regarding the asset in question was a general power of appointment. A general power of appointment means that an interest in the property passes to the donee at the donor's death. A limited power of appointment means that an interest in the property passes not to the donee, but, rather, to a specific class of beneficiaries at the donor's death.

In this case, the devise was a general power of appointment that passed to the donee (the wife) at the donor's (the husband's) death. No tax was assessed on the husband's estate upon this transfer because the transfer to a surviving spouse was exempt. However, because the property passed to the wife's estate via a general power of appointment, it would be subject to inheritance tax upon her death whether or not she exercised the general power of appointment. If the wife exercised the general power of appointment, the inheritance tax would be determined on the basis of how that power of appointment was exercised. To the extent that the wife failed to exercise the power of appointment, the tax is determined on the basis of how the property passed and would be distributed in accordance with the husband's last will and testament.

Being a general power of appointment, the interest is deemed to have been transferred from the husband to the wife at the husband's death. However, since the transfer is to the spouse of the decedent, the interest in the assets of the trust is exempt from inheritance tax under Nebraska law. This does not mean that the transfer to the ultimate beneficiaries of the power of appointment is not subject to inheritance tax upon the death of the wife. When the wife died, her interest in part I of the trust (the general power of appointment) was included in her estate whether or not she exercised the power of appointment. Upon her death, this asset was subject to inheritance tax. Once the determination was made that the power of appointment was general rather than special, it became an asset of the donee's (the wife's) estate, which, upon her death, was subject to inheritance tax regardless of whether the power was exercised or not.

The majority's opinion concludes that because of Neb. Rev. Stat. § 77-2008.04 (Reissue 1996), a general power of appointment is never subject to inheritance tax payable on the estate of the donee. I am unable to reach this conclusion, and therefore, I dissent.

GERRARD, J., joins in this dissent.