REQUESTED BY: John A. Gale Secretary of State
In your capacity as Chairman of the State Records Board (hereinafter, the "Board"), you have requested our opinion with respect to a potential conflict of two statutes relating to fees that may be charged by state agencies for providing electronic access to public records. The first statute at issue, Neb. Rev. Stat. § 84-1205.02 (Cum. Supp. 2002), is part of the Records Management Act, Neb. Rev. Stat. §§84-1201 through 84-1228 (1999; Cum. Supp. 2002; Supp. 2003), and provides that the Board may establish reasonable fees not to exceed the statutory fee for electronic access to public records. The second statute at issue, Neb. Rev. Stat. § 81-118.01 (2003), provides, as pertinent, that a state official or state agency may impose an additional surcharge or convenience fee on a payment made electronically by credit card, charge card, debit card, or electronic funds transfer as part of a system for providing or retrieving information electronically. You indicate that the Board regularly approves fees to be charged for electronic access to services through Nebrask@ Online. Finally, you indicate that "[t]he question as to whether the Board may approve a convenience fee in excess of the statutory fee has been discussed, but not conclusively decided due to the conflict in statute."
Your questions to us are as follows:
1. Did the passage of the convenience fee language by the Legislature in 2002 apply to or modify the statutory fee limit imposed on the State Records Board when approving fees for online access to services through Nebrask@ Online, or modify the meaning of "statutory fee" to include the statutory fee plus a convenience fee since both are authorized by statute?
2. In short, may the State Records Board approve a convenience fee for electronic government services above the base statutory fee set in law?
3. Would the answer to this question differ depending on whether it is a statutorily fixed fee service such as a driver's abstract versus a payment such as an income or occupation tax payment?
The first statute in your opinion request, Neb. Rev. Stat. §84-1205.02, provides, in pertinent part:
* * *
 (2) Beginning on July 1, 2001, except as provided in sections 49-509, 52-1316, and 60-483 and article 9, Uniform Commercial Code, the board may establish reasonable fees for electronic access to public records through the gateway.
 (3) The fees shall not exceed the statutory fee for distribution of the public records in other forms. Any fee established by the board under this section may be collected for an eighteen-month period and shall terminate at the end of such period unless enacted by the Legislature. Any fees collected under this section shall be deposited in the Records Management Cash Fund.
(Emphasis added.) State agencies (other than the courts) wanting to contract or otherwise provide electronic access to public records for a fee are required to make a written request for approval to the Board. The request must include (a) a copy of the contract under consideration if the electronic access is to be provided through a contractual arrangement, (b) the public records which are the subject of the contract or proposed electronic access fee, (c) the anticipated or actual timeline for implementation, and (d) any security provisions for the protection of confidential or sensitive records. The Board is then required to take action on the request after a public hearing within thirty days after receipt of the written request. See Neb. Rev. Stat. § 84-1205.03(1) (1999).
The second statute cited in your opinion request, Neb. Rev. Stat. §81-118.01, is found in the "General Provisions" section of Article 1, "The Governor and Administrative Departments." Subsection (6), stated in its entirety, provides:
 A state official or state agency obtaining, for each transaction, authorization for use of any credit card or charge card used pursuant to this section may, but is not required to, impose a surcharge or convenience fee upon the person making a payment by credit card or charge card so as to wholly or partially offset the amount of any discount or administrative fees charged to the state agency, but the surcharge or convenience fee shall not exceed the surcharge or convenience fee imposed by the credit card or charge card companies or third-party merchant banks which have contracted under subsection (5) of this section. The surcharge or convenience fee shall be applied only when allowed by the operating rules and regulations of the credit card or charge card involved or when authorized in writing by the credit card or charge card company involved. When a person elects to make a payment to a state agency by credit card or charge card and such a surcharge or convenience fee is imposed, the payment of such surcharge or convenience fee shall be deemed voluntary by such person and shall be in no case refundable. If a payment is made electronically by credit card, charge card, debit card, or electronic funds transfer as part of a system for providing or retrieving information electronically, the state official or state agency shall be authorized but not required to impose an additional surcharge or convenience fee upon the person making a payment.
(Emphasis added.) In Nebraska, in the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged in to ascertain their meaning. Van Ackeren v. Nebraska Board of Parole, 251 Neb. 477,558 N.W.2d 48 (1997). We note that § 81-118.01(6) contains no reference to the State Records Board, nor is any approval process outlined, as in § 84-1205.03. We believe the statute is plain, direct and unambiguous and should be given its plain and ordinary meaning, i.e. state officials or state agencies may impose an additional fee on electronic payments made for electronic access to records.
The questions presented to us indicate a presumption on behalf of the Board that a surcharge or convenience fee is tied to the access fee authorized in § 84-1205.02, and is therefore subject to approval by the Board. We disagree. The convenience fee at issue is a fee that may be imposed by a state official or state agency to offset the amount charged to the state agency by a credit card company for financial transactions. In essence, it represents a fee which may be imposed for the opportunity to pay by credit card. In contrast, the fee authorized in § 84-1205.02
deals specifically with the electronic access to public records through Nebrask@ Online and represents a fee for such access. Although §81-118.01(6) authorizes the imposition of two fees on one electronic financial transaction, it does not contemplate that the fees should be treated the same, or that the surcharge or convenience fee should fall within the purview of the State Records Board.
For the reasons set forth above, we believe that the two statutes cited in your opinion request are not in conflict, and that the State Records Board has no authority to approve or disapprove surcharge or convenience fees authorized in Neb. Rev. Stat. § 81-118.01(6).
Sincerely,
 JON BRUNING Attorney General
 Leslie S. Donley Assistant Attorney General
Approved by:
_____________________________ Attorney General