IN RE INTEREST OF ELIZABETH S.,
A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. ROBERT S. ET AL.,
APPELLEES, AND NEBRASKA DEPARTMENT OF
HEALTH AND HUMAN SERVICES, APPELLANT.

698 N.W.2d 252

Filed June 21, 2005.   Nos. A-04-1413, A-05-276.

Robert E. Wheeler, Special Assistant Attorney General, for appellant.

Gary J. Krajewski for appellee Robert S.

Jerrod M. Gregg, of McQuillan & McQuillan, P.C., for appellee Amy G.

SIEVERS, IRWIN, and CARLSON, Judges.

SIEVERS, Judge.

The child involved in these current appeals, Elizabeth S., has been the subject of a previous opinion by this court. See *In re Interest of Elizabeth S.*, Nos. A-04-385, A-04-680, 2004 WL 2446200 (Neb. App. Nov. 2, 2004) (not designated for permanent publication). While complete details may be found in that opinion, we resolved case No. A-04-385 on the ground of lack of jurisdiction because the matter raised by said appeal was a contested dispositional plan to be handled through the expedited juvenile review panel provided for in Neb. Rev. Stat. §§ 43-287.01 through 43-287.06 (Reissue 2004). With respect to case No. A-04-680, the appeal claimed that the juvenile review panel erred in reversing the order of the Keith County Court, sitting as a juvenile court, which ordered a dispositional plan other than the February 17, 2004, case plan that had been recommended by the Department of Health and Human Services (DHHS). We affirmed the April 9, 2004, decision of the juvenile review panel, which found that the disposition imposed by the county court was not in Elizabeth's best interests. The Keith County Court had allowed the removal of Elizabeth to the State of California to take up residence with her great-aunt, Linda M. This disposition was in direct opposition to the DHHS plan which proposed that the parental rights of the natural parents be terminated and that Elizabeth continue to reside with her foster family in Ogallala, Nebraska.

While our above-described decision of November 2, 2004, was pending in the Nebraska Supreme Court upon a petition for further review, the county court took up Linda's request for visitation with Elizabeth "during the Christmas holidays." Following a hearing, which the county court specifically provided was not an evidentiary hearing, the county court granted Linda physical

visitation with Elizabeth in Nebraska after December 25, 2004, as well as regular telephone contact. DHHS appealed such order to this court on December 16, also indicating in such notice its intention to appeal to a juvenile review panel. DHHS appealed to the juvenile review panel, which dismissed the case, finding that there was "no case plan to modify or substitute" and, apparently on the additional ground which it said it was informed of at oral argument, that the matter was already under appeal—presumably meaning the instant appeal to this court. One of the three judges on the panel filed an "Addendum" emphasizing his position that the lack of jurisdiction was due to the lack of a plan to review and that DHHS' appeal was "inane," "frivolous," and a waste of the taxpayers' money. Another of the three judges "concur[red] in [the] Addendum." Thus, we consider the "Addendum" as the opinion of the juvenile review panel. However, we recognize that all three judges on the panel found "no plan" and, thus, no jurisdiction.

We have called upon the parties to brief the jurisdictional issues presented. Additionally, we have pending before us the request of DHHS that we stay the county court's order announced December 10, 2004, and filed December 22, allowing Linda to have visitation with Elizabeth in Nebraska.

## MOTION TO STAY

With respect to the motion of DHHS to stay the order of December 22, 2004, allowing Linda "physical visitation in Nebraska with the minor child after December 25, 2004," which visitation the court says shall be "similar to the visitation" that Linda had during October 2004, our decision which follows renders this request moot.

## APPEAL IN CASE NO. A-05-276

With respect to DHHS' appeal from the juvenile review panel, our case No. A-05-276, the pertinent statute, § 43-287.03, provides for such expedited review when a two-part, conjunctive test is satisfied. See *In re Interest of Jeffrey R.*, 251 Neb. 250, 557 N.W.2d 220 (1996). The law is that §§ 43-287.01 through 43-287.06 provide the sole method of reviewing juvenile court dispositional orders falling within the ambit of the expedited review process specified in such statutes. *In re Interest of Alex T.*

*et al.*, 248 Neb. 899, 540 N.W.2d 310 (1995). These statutes provide that the reach of the juvenile review panel is determined by a two-part, conjunctive analysis: (1) whether the contested dispositional order implements a different plan for the juvenile than proposed by DHHS and (2) whether the appealing party has a belief that the court-ordered plan is not in the best interests of the juvenile.

In the instant case, the only plan of DHHS before us is that of February 17, 2004, and it is silent on the matter of visitation between Elizabeth and Linda occurring in Nebraska. Therefore, while it can certainly be argued that the provision for contact with Linda is different from the DHHS plan and thus reviewable by a juvenile review panel, we recall that Neb. Rev. Stat. § 43-2,106 (Reissue 2004) provides for a trial court to exercise "supervision" over the juvenile during the pendency of the proceedings in an appellate court. At the time of the December 22 order, there were proceedings pending in the appellate courts because the Nebraska Supreme Court had our opinion before it upon a petition for further review, which petition was ultimately denied on February 9, 2005. However, after our thorough review of the December 10, 2004, proceedings held in the Keith County Court, we are convinced that the December 22 order resulting from that hearing must be vacated for plain error. Thus, it is unnecessary to decide the question of whether the order for visitation must first be passed upon by a juvenile review panel before an appeal may be taken to this court. See *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994) (appellate court is not obligated to engage in analysis not needed to adjudicate case and controversy before it).

## PROCEEDINGS ON DECEMBER 10, 2004

Although DHHS does not assign any error to the fact that the proceedings of December 10, 2004, were expressly said by the trial judge not to be an evidentiary hearing, we apply the plain error doctrine, which is that plain error exists where there is error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation,

and fairness of the judicial process. *Long v. Hacker*, 246 Neb. 547, 520 N.W.2d 195 (1994). Instead of having an evidentiary hearing, the trial judge conducted a rather free-ranging discussion on the record about visitation and other matters in this case, involving counsel; the court; Linda; and Elizabeth's counselor, foster father, and guardian ad litem. Such a record presents obvious difficulties for appellate review, as well as being fundamentally inappropriate as a basis for the court's decision.

*In re Guardianship & Conservatorship of Trobough*, 267 Neb. 661, 676 N.W.2d 364 (2004), exemplifies the difficulties that may arise when a trial court does not conduct an evidentiary hearing. In *In re Guardianship & Conservatorship of Trobough*, a conservatorship proceeding, the county court did not hold an evidentiary hearing and no exhibits were offered into evidence. Instead, as the Nebraska Supreme Court observed, the trial court "engaged in discussions with the parties without receiving any evidence to support or refute the issues raised in the pleadings." 267 Neb. at 665, 676 N.W.2d at 368. The Supreme Court held that without an evidentiary hearing, the county court had no basis upon which to enter its order and that such order was not supported by competent evidence. The Supreme Court vacated the order of the county court and remanded the cause with directions to hold an evidentiary hearing.

Here, instead of receiving evidence on the issue, the trial court merely engaged in discussions as to whether there should be physical visitation and telephone contact with Linda. Although the court invited discussion as to whether the hearing should be evidentiary, it was not an evidentiary hearing. Therefore, the trial court's order allowing visitation is not based on any competent evidence that such visitation is in Elizabeth's best interests, and the order must be vacated.

■ Additionally, of considerable import is the fact that the bill of exceptions from the December 10, 2004, hearing clearly reveals that the trial judge engaged in an ex parte conversation with one Nancy Thompson, whom the judge described as either a child psychologist or child psychiatrist, about the subject of whether there should be visitation between Elizabeth and Linda. Moreover, his order of December 22 recites: "The Court stated that it had contacted a professional for help in this matter . . . ."

Although DHHS did not complain of the ex parte communication at the nonevidentiary hearing, the trial judge's conduct is the subject of a number of DHHS' assignments of error which may be addressed under the plain error doctrine. See *In re Interest of Mainor T. & Estela T.*, 267 Neb. 232, 674 N.W.2d 442 (2004) (plain error may be found on appeal when error unasserted or uncomplained of at trial, but plainly evident from record, prejudicially affects litigant's substantial right and, if uncorrected, would cause miscarriage of justice or result in damage to integrity, reputation, or fairness of judicial process). Plain error may be asserted for the first time on appeal or be noted by the appellate court on its own motion. *Id.*

Neb. Code of Jud. Cond., Canon 3 (rev. 2000), provides that a judge shall perform his or her duties impartially, and Canon 3B(7) provides that a judge "shall not initiate, permit, or consider ex parte communications or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding except [in specific circumstances]." The Nebraska Supreme Court has said that a judge who initiates or invites and receives an ex parte communication concerning a pending or impending proceeding must recuse himself or herself from the proceedings. *State ex rel. Grape v. Zach*, 247 Neb. 29, 524 N.W.2d 788 (1994). Moreover, a judge's role as a witness in a trial before the judge is manifestly inconsistent with a judge's customary role of impartiality in the adversary system of trial. *State ex rel. Grape, supra.* In the case before us, the judge indicated that he had "tremendous respect" for Thompson and that Thompson favored visitation. It is apparent that the decision to allow visitation was based at least in part on prohibited ex parte communications occurring at a nonevidentiary hearing where there was a "discussion" rather than a formal hearing to enable the trial court to decide the matter then pending before it on the basis of evidence. It is plainly evident from the record that the ex parte communication and the manner in which the December 10, 2004, hearing was conducted prejudicially affect the parties' substantial rights and, if uncorrected, would damage the integrity, reputation, or fairness of the judicial process. Thus, under the plain error doctrine, we vacate the order of December 22.

## RESOLUTION

All issues presented by these appeals are resolved without oral argument under Neb. Ct. R. of Prac. 11 (rev. 2005). We vacate the order of December 22, 2004, from which DHHS has appealed in our case No. A-04-1413, as an order improperly entered by the trial court. As a result, we do not need to decide DHHS' appeal from the juvenile review panel's declination to review such order, and therefore, we dismiss the appeal in our case No. A-05-276 as moot. Finally, we direct that the trial judge shall forthwith recuse himself from all further proceedings in this case. The cause is remanded for further proceedings.

JUDGMENT IN NO. A-04-1413 VACATED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.
APPEAL IN NO. A-05-276 DISMISSED.