IN RE INTEREST OF VINCENT P., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. NEBRASKA DEPARTMENT OF
HEALTH AND HUMAN SERVICES, APPELLANT.

730 N.W.2d 403

Filed March 13, 2007.   No. A-06-786.

Jon Bruning, Attorney General, and Gail Steen, Special Assistant Attorney General, for appellant.

George L. Hirschbach, Cedar County Attorney, for appellee.

IRWIN and SIEVERS, Judges, and HANNON, Judge, Retired.

IRWIN, Judge.

## I. INTRODUCTION

The Nebraska Department of Health and Human Services (DHHS) appeals from an order of the juvenile review panel which affirmed a dispositional order entered by the county court for Cedar County, Nebraska, sitting as a juvenile court. The juvenile court declined DHHS' request that the court terminate its jurisdiction over the juvenile, Vincent P., and entered a dispositional order implementing various goals and requiring various services, including Vincent's enrollment and attendance in an "age-appropriate sex offender therapy program." On appeal, DHHS challenges both the juvenile court's decision not to terminate jurisdiction over Vincent and the court's inclusion of the requirement of sex offender therapy in the court's dispositional order. The record contains sufficient evidence supporting the juvenile court's holding that termination of jurisdiction would not be in Vincent's best interests and supporting the inclusion of sex offender therapy. We affirm.

## II. BACKGROUND

On May 13, 2005, the juvenile court entered an order adjudicating Vincent to be a juvenile within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Cum. Supp. 2002) in that he had "'deport[ed] himself so as to injure or endanger seriously the morals or health of himself or others.'" The factual circumstances leading to Vincent's adjudication involved an allegation that Vincent had sexually assaulted a 5-year-old boy by placing Vincent's penis "'in [the victim's] buns.'" Vincent denied the allegation, but the court found that beyond a reasonable doubt, the allegation was true.

On June 6, 2005, Vincent appealed the adjudication to this court. This court affirmed the adjudication by memorandum opinion on January 6, 2006. See *In re Interest of Vincent P.*, 14 Neb. App. xviii (No. A-05-694, Jan. 6, 2006).

On March 6, 2006, an initial dispositional hearing was held. At the conclusion of that hearing, the juvenile court entered a dispositional order. In the order, the juvenile court specifically continued the dispositional hearing to a later date. The colloquy between the court and the attorneys representing the State and Vincent at the March 6 hearing indicated that the court requested

that an "independent person" evaluate Vincent before the court would proceed with implementing a case plan.

On May 1, 2006, the dispositional hearing continued. During the two stages of the dispositional hearing, the juvenile court received several exhibits offered by the State, including a psychological evaluation that predated the adjudication, a DHHS court report dated August 12, 2005, a DHHS case plan and progress report dated December 4, 2005, and a psychological evaluation dated April 4, 2006. Vincent's caseworker testified that DHHS was recommending "ending the ongoing case with [DHHS]." The caseworker testified that "no more services . . . could be offered for Vincent." The caseworker also acknowledged that Vincent "still denies any culpability or that he had sexual contact with [the victim]." In addition to opining that no further services could be offered and that termination of jurisdiction was appropriate, however, the caseworker acknowledged that she was not familiar with the evidence presented at the adjudication hearing and had not reviewed "records from the [adjudication] hearings."

The evidence presented to the juvenile court also included two letters authored by Vincent's then therapist, Dr. Maria P. Goede, a licensed mental health practitioner. Those letters indicated that Vincent had been attending therapy with Dr. Goede since August 2005, that Vincent had earned his diploma through the GED program by January 2006, and that Vincent was attending college-level classes, working toward a business degree. In both letters, however, Dr. Goede expressed a lack of understanding about why Vincent "was made a State Ward." Dr. Goede recommended terminating juvenile court jurisdiction.

In the April 4, 2006, psychological evaluation, the psychologist, Dr. Steven A. Westby, noted that Vincent "has consistently denied ever having any inappropriate contact with [the victim]" and that Vincent "adamantly denied having ever sexually offended." The psychologist concluded that "there was no indication of major risk factors for sexual offending aside from his denial of any previous offending[, which] would only be a risk factor if the assumption is made that he did in fact commit that offense." The psychologist noted that "any individual with a history of sexual offending is at some risk for such behaviors again in the future — particularly if they have not taken responsibility

for their actions, remain in denial, etc." The psychologist further concluded, "Regardless, it would be this examiner's recommendation that Vincent continue to participate in individual and/or family therapy services."

The record also contains an August 12, 2005, DHHS court report and a December 4, 2005, DHHS case plan and progress report. In the "Recommendations" section of the August 12 report, DHHS recommended that "[c]ustody of [Vincent] remain with [D]HHS for appropriate care and placement" and then, further on the same page, recommended that "custody of Vincent be returned to his parents." Inasmuch as Vincent was never physically placed outside of his parents' home, the latter statement appears to be a suggestion that legal custody be returned to the parents and that the court's jurisdiction be terminated. In the "Case Plan and Progress Report" section of the August 12 report, DHHS set forth a number of goals and tasks to be accomplished by December 15. One of those goals was that "Vincent will resolve his issues with sexual inappropriateness," and the related tasks included Vincent's participation in therapy.

In the December 14, 2005, case plan and progress report, DHHS again included as a goal that "Vincent will resolve his issues with sexual inappropriateness" and indicated that the goal was to be accomplished by June 15, 2006. That goal included related tasks, including Vincent's participation in therapy. DHHS noted that as of January 19, 2006, Vincent had been in therapy and his therapist had recommended dismissal of the juvenile court's jurisdiction over Vincent. The December 14, 2005, plan and report also noted that the permanency objective was "Family Preservation" and that the target date for such objective was December 15, 2006.

On May 17, 2006, the juvenile court entered a dispositional order. The court specifically held that "[b]y preponderance of the evidence, the case plan is disapproved and is not in the best interests of [Vincent]." It is apparent from reading the remainder of the dispositional order that the court was rejecting DHHS' recommendation that the court terminate its jurisdiction over Vincent. The court specifically noted that the evidence supporting termination of jurisdiction was all premised on Vincent's continued denial of the accusation that led to adjudication and on

evaluators' "supposition[s] of 'if' Vincent did what was alledged [sic] in the petition." Inasmuch as the court had already found the allegation true at adjudication and inasmuch as that finding was affirmed on appeal, the court found most persuasive the portion of the April 4, 2006, psychological evaluation wherein Dr. Westby indicated that continued participation in individual or family therapy "could continue to monitor [Vincent] for signs of problematic sexual boundary concerns and other areas related to sexual abuse." As such, the court declined to terminate jurisdiction.

In the dispositional order, the juvenile court adopted the "tasks, goals, and objectives" set forth in the December 4, 2005, DHHS case plan and progress report. In addition, the court ordered Vincent to enroll in an age-appropriate sex offender therapy program and ordered a termination of Dr. Goede's participation in Vincent's therapy because of a "preconceived bias attitude exhibited by [her]."

On May 30, 2006, DHHS filed a request for review by a juvenile review panel, pursuant to Neb. Rev. Stat. § 43-287.04 (Reissue 2004). On June 27, the review panel entered an order affirming the juvenile court's decision. The review panel found that DHHS "failed to prove by a preponderance of the evidence that the order entered was not in the best interest of [Vincent]." This appeal followed.

### III. ASSIGNMENTS OF ERROR

DHHS has assigned three errors on appeal, which we consolidate for discussion to two. First, DHHS asserts that the juvenile court erred in not adopting DHHS' recommendation to terminate jurisdiction. Second, DHHS asserts that the juvenile court erred in ordering sex offender therapy for Vincent and removing Vincent's current therapist.

### IV. ANALYSIS

#### 1. Standard of Review

Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the juvenile court's findings. *In re Interest of Jagger L.*, 270 Neb. 828, 708 N.W.2d 802 (2006). When the evidence is in conflict,

however, an appellate court may give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other. *Id.*

## 2. TERMINATING JURISDICTION

DHHS first argues that the juvenile court erred in failing to adopt DHHS' recommendation that terminating jurisdiction over Vincent was in Vincent's best interests. DHHS argues that there was no evidence showing such recommendation not to be in Vincent's best interests, that "jurisdiction should terminate once the conditions that led to adjudication have been corrected," and that Vincent's progress in therapy had "effectively resolv[ed] the issues adjudicated." Brief for appellant at 6. We find no merit to this argument.

The purpose of the juvenile code is to "assure the rights of all juveniles to care and protection and a safe and stable living environment and to development of their capacities for a healthy personality, physical well-being, and useful citizenship and to protect the public interest." Neb. Rev. Stat. § 43-246(1) (Reissue 2004). The Nebraska Juvenile Code must be liberally construed to accomplish its purpose of serving the best interests of juveniles who fall within it. *In re Interest of J.S., A.C., and C.S.,* 227 Neb. 251, 417 N.W.2d 147 (1987); *In re Interest of R.A. and V.A.,* 225 Neb. 157, 403 N.W.2d 357 (1987), *overruled on other grounds, State v. Jacob,* 242 Neb. 176, 494 N.W.2d 109 (1993). The juvenile court has broad discretion as to the disposition of those who fall within its jurisdiction. *In re Interest of R.A. and V.A., supra.*

Neb. Rev. Stat. § 43-285(2) (Reissue 2004) allows the court to order a proposed plan for the care, placement, and services which are to be provided for a juvenile adjudged as being within the ambit of § 43-247(3) and provides in pertinent part:

> If any other party . . . proves by a preponderance of the evidence that the department's plan is not in the juvenile's best interests, the court shall disapprove the department's plan. The court may modify the plan, order that an alternative plan be developed, or implement another plan that is in the juvenile's best interests.

When the juvenile court enters a dispositional order that implements a different plan for the juvenile than proposed by DHHS, a party who believes that the court-ordered plan is not in the best interests of the juvenile can seek review of the plan by a juvenile review panel. See, Neb. Rev. Stat. § 43-287.01 (Reissue 2004); *In re Interest of Elizabeth S.*, 13 Neb. App. 673, 698 N.W.2d 252 (2005); *In re Interest of Tanisha P. et al.*, 9 Neb. App. 344, 611 N.W.2d 418 (2000); *In re Interest of Laura O. & Joshua O.*, 6 Neb. App. 554, 574 N.W.2d 776 (1998); *In re Interest of William H.*, 3 Neb. App. 869, 533 N.W.2d 670 (1995).

The law is that Neb. Rev. Stat. §§ 43-287.01 through 43-287.06 (Reissue 2004) provide the sole method of reviewing juvenile court dispositional orders falling within the ambit of the expedited review process specified in such statutes. *In re Interest of Elizabeth S., supra*; *In re Interest of Tanisha P. et al., supra*; *In re Interest of Laura O. & Joshua O., supra*. The expedited review process applies in cases where the contested dispositional order implements a different plan than the plan proposed by DHHS and where the appealing party has a belief that the court-ordered plan is not in the best interests of the juvenile. See *id.*

In this case, DHHS sought and obtained review of the juvenile court's dispositional order by a juvenile review panel. We note that the actual plan proffered by DHHS, the December 4, 2005, case plan and progress report, did not include any recommendation of DHHS that the court's jurisdiction over Vincent be terminated, did not include immediate termination of jurisdiction as a goal, and actually included a number of goals which DHHS indicated were to be accomplished by June 15, 2006, more than 3 months after the dispositional hearing at which the plan was received by the court. Nonetheless, we also recognize that the August 12, 2005, DHHS court report did include a recommendation that the court's jurisdiction over Vincent be terminated (although it also inexplicably contained a recommendation that custody of Vincent remain with DHHS), and the caseworker's testimony at the dispositional hearing makes it clear that DHHS was, in fact, urging termination of jurisdiction. As such, we conclude that DHHS properly invoked the expedited review process in this case. Compare *In re Interest of William H., supra*.

DHHS argues that "no evidence was offered to rebut the findings of two psychologists, a licensed mental health practitioner, and the case manager." Brief for appellant at 4. DHHS further argues that the failure to terminate jurisdiction in this case amounts to punishing Vincent "for exercising his rights against self-incrimination" by refusing to admit that he committed the adjudicated offense. *Id.* at 5. Finally, DHHS argues that Vincent's progress in therapy had "effectively resolv[ed] the issues adjudicated." *Id.* at 6. We find no merit to any of these arguments.

First, contrary to DHHS' assertions, there was evidence presented which supports the court's refusal to terminate jurisdiction over Vincent. Although DHHS points to the first psychological evaluation as evidence that Vincent is not at risk to reoffend, we note that that evaluation was actually completed prior to adjudication. In the more recent evaluation, completed the month prior to the dispositional order, Dr. Westby specifically indicated that Vincent is at risk for sexually offending once again if it is assumed that he is guilty of the offense which led to adjudication. Dr. Westby also specifically indicated that "[r]egardless [of whether Vincent did or did not commit the adjudicated offense], it would be this examiner's recommendation that Vincent continue to participate in individual and/or family therapy services" and that "[s]uch services could continue to monitor him for signs of problematic sexual boundary concerns and other areas related to sexual abuse."

Although Dr. Westby cited Vincent's failure to admit or take responsibility for the sexual assault that led to adjudication, the juvenile court's refusal to terminate jurisdiction in this case is not comparable to punishing Vincent for exercising his rights against self-incrimination. DHHS' reliance on *In re Interest of Clifford M. et al.*, 6 Neb. App. 754, 577 N.W.2d 547 (1998), is misplaced. In *In re Interest of Clifford M. et al.*, we held that a parent's parental rights could not be terminated because of the parent's refusal to make incriminating statements, which statements could have led to further criminal charges. In the present case, Vincent is not required to make incriminating statements and would not face further criminal charges based upon any statements made.

Finally, we find no merit to DHHS' assertion that the conditions which led to Vincent's adjudication have been resolved.

Vincent was adjudicated based on having sexually assaulted a 5-year-old boy. The dispositional order under discussion is the first dispositional order ever entered in this case. Although the record indicates that Vincent has been participating in therapy, the record also specifically indicates that Vincent would benefit from continued therapy and supervision. As such, we find no merit to any of DHHS' arguments or to this assignment of error.

### 3. Sex Offender Therapy

DHHS also asserts that the juvenile court erred in "ordering sex offender specific therapy for [Vincent] and ordering [that] therapy with [Dr.] Goede cease." Brief for appellant at 8. DHHS argues that it is unclear why the juvenile court ordered sex offender therapy and that the court lacked authority to specifically indicate that therapy with Dr. Goede should cease. We disagree on both accounts.

The Nebraska Supreme Court has stated:

[O]nce there has been the adjudication that a child is a juvenile within the meaning of the [Nebraska Juvenile Code], the foremost purpose or objective of the Nebraska Juvenile Code is promotion and protection of a juvenile's best interests, with preservation of the juvenile's familial relationship with his or her parent(s) where continuation of such parental relationship is proper under the law.

*In re Interest of J.S., A.C., and C.S.*, 227 Neb. 251, 263, 417 N.W.2d 147, 156 (1987). Once a juvenile has been adjudicated, the juvenile court has broad discretion as to his or her disposition. *In re Interest of Joshua M. et al.*, 4 Neb. App. 659, 548 N.W.2d 348 (1996), *reversed in part on other grounds* 251 Neb. 614, 558 N.W.2d 548 (1997).

We cannot find the juvenile court's disposition in this case to be an abuse of discretion. We are unaware of any authority which supports the suggestion that ordering age-appropriate sex offender therapy for a juvenile who was adjudicated as having sexually assaulted a 5-year-old boy is an abuse of discretion. Dr. Westby specifically recommended individual or family therapy services to monitor Vincent for signs of problematic sexual boundary concerns. Recommending sex offender therapy for an adjudicated sex offender is not an abuse of discretion.

Additionally, we find no abuse of discretion by the court in ordering that Vincent's therapy with Dr. Goede be terminated. The record contains two letters from Dr. Goede in which she indicated that she had been providing therapy for Vincent. In each letter, she expressed an inability to understand why Vincent was "a State Ward." We do not find an abuse of discretion in the court's conclusion that such an inability to understand that an adjudicated sex offender should be under the jurisdiction of the juvenile court merited ending Vincent's treatment with her. This assignment of error is also without merit.

## V. CONCLUSION

We find no merit to DHHS' assertions that the juvenile court should have terminated jurisdiction instead of entering an initial dispositional order concerning Vincent, who was adjudicated as having sexually assaulted a 5-year-old boy. The record supports the conclusion that Vincent will benefit from continued therapy and monitoring. Additionally, we find no merit to DHHS' assertion that the juvenile court had no basis on which to order age-appropriate sex offender therapy for an adjudicated sex offender. We affirm the order of the review panel affirming the dispositional order of the juvenile court.

AFFIRMED.

INBODY, Chief Judge, not participating.